substantial difficulty disregarding the view that a one-day sentence was sufficient for the assault with intent to commit first degree murder in this case. The district court has twice sentenced Working to one day for the assault with intent to commit first degree murder. We do not doubt that the district court judge did what he thought was right. However, statements made by the district court at the resentencing hearing have heightened our concern that the district court is unlikely to disregard improper factors when fashioning a sentence for Working. The district court did not accept the fact that Michael Working is the victim in this case.[3] Moreover, the record indicates that the district court would be unlikely to set aside considerations of Working's sex, a clearly prohibited factor under the Guidelines, when re-sentencing.[4] For those reasons, we direct that the case be re-assigned to a different judge for re-sentencing.

3. The Court: Who are the victims in this case?

    Mr. Storm [Arlen R. Storm, Assistant United States Attorney]: Michael Working is very definitely the victim in this case, Your Honor.

    The Court: How about his two sons and their two daughters and the community?

    Mr. Storm: Your Honor, no, they are not the victims in this case.

    The Court: They are not?

    Mr. Storm: Michael Working is the victim in this case.

    The Court: Who suffers from what two consenting adults, apparently couldn't get along, and ended up, unfortunately, in violence?

4. The Court: You don't believe, other than physical violence, to protect one's self? There's no such situation as mental violence that one could believe they are protecting themselves?

    * * *

    The Court: Are you saying that because you're a male? It's very obvious in this case that most of the people that

**SENTENCE VACATED, REMANDED FOR RE-ASSIGNMENT AND RE SENTENCING.**

FIREMAN'S FUND INSURANCE COMPANY, a California corporation, Plaintiff-Appellant,

v.

CITY OF LODI, CALIFORNIA; Jack Sieglock, in his capacity as Mayor of the City of Lodi; Richard Prima, Jr., in his capacity as Enforcing Officer of Lodi Ordinance No. 1650; Randall A. Hays, individually and in his capacity as Lodi City Attorney; Michael C.

have to do with it, are looking at it, are males. Do you think it might—a male might take a different view of these facts than, say, a female?

    Mr. Storm: No, Your Honor. * * * I think that as males we want to see the worthy case. We want to see the woman as the—

    The Court: Well, males have always been the dominant persons in the United States. The Constitution was formed by all males, all white males. Wasn't it?

    Mr. Storm: And because—

    The Court: Women weren't even mentioned. All the laws were promulgated by white males. Women had nothing to do with those.

    Mr. Storm: Your Honor—

    The Court: Do you think it's unfair of the court to think about that?

    Mr. Storm: * * * Because of those very factors the court has mentioned, Your Honor, I think that we as males look for the worthy case. We seek out the worthy case. We want to find that the woman needs protection, and it just is not the fact in this case. . . .

Donovan, individually and in his capacity as Lodi Assistant City Attorney; Adam L. Babich, individually and in his capacity as Lodi Assistant City Attorney; Steven H. Doto, individually and in his capacity as Lodi Assistant City Attorney; Bret A. Stone, individually and in his capacity as Lodi Assistant City Attorney; John R. Till, individually and in his capacity as Lodi Assistant City Attorney; Zevnik, Horton, Guibord and McGovern, LLP, individually and in their capacity as Lodi Assistant City Attorneys; Fran E. Forkas, in his capacity as Enforcing Officer of Lodi Ordinance No. 1650, Defendants–Appellees.

Unigard Insurance Company, a Washington corporation; Unigard Security Insurance Company, a Washington corporation, Plaintiffs–Appellants,

v.

City of Lodi, Defendant–Appellee.

Nos. 99–15614, 99–15802.

United States Court of Appeals, Ninth Circuit.

Filed April 17, 2002.

Before: PREGERSON, D.W. NELSON, Circuit Judges and MOSKOWITZ, District Judge.[1]

ORDER WITHDRAWING OPINION

ORDER

The opinion filed on January 8, 2002, slip op. 229, and appearing at 271 F.3d 911 (9th Cir.2001) is hereby withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

UNITED STATES of America, Plaintiff–Appellee,

v.

James Douglas ALEXANDER, Defendant–Appellant.

No. 00–30348.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Filed April 19, 2002.

[1.] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.